ELIZA LE CLARE, RESPONDENT, v. JOHN A. STEWART, SURVIVING ADMINISTRATOR, ETC., OF LEWIS M. SHERWOOD, APPELLANT.

*Witness — next of kin incompetent, though called to testify against his interest — Code,*
§ 399.

The testimony of one who is next of kin and interested in the event of an action, although not a party thereto, as to conversations with defendant's intestate, whether it be favorable to or against his interest, is inadmissible, under section 399 of the Code.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. On the hearing before the referee, he admitted the testimony of one Benjamin Sherwood, a son of intestate's brother, called as a witness on the part of the plaintiff to testify to a personal transaction with the intestate. The interest of the witness was against the plaintiff as he was entitled, as next of kin, to a share of the personal property, and if the claim of the plaintiff was defeated his share would be increased.

*G. H. McMaster*, for the appellant.

*William Rumsey*, for the respondent.

MULLIN, P. J.:

We cannot interfere with the referee's findings of fact in this case. The evidence was conflicting, and although we would have been better satisfied had the findings been the other way, yet the referee having the witnesses before him, and hence a much better opportunity of judging of their veracity, has credited the story of the plaintiff's witnesses and we cannot say that he ought not to have done so.

We must reverse the judgment, however, by reason of the admission of the evidence of Benjamin Sherwood, one of the next of kin of the defendant's intestate.

The intestate died leaving a wife, but no father, mother or children.

The witness was his nephew, and hence one of his next of kin and entitled to share in his estate. This action was brought to reach and lessen the assets which would go to the next of kin. The witness was therefore interested in the event of the suit, and by section 399 of the Code such a person is prohibited from being examined as a witness in such a suit.

At common law this witness would have been competent, being called to testify against his interest.

But the section cited allows of no inquiry into the nature or extent of the interest. It says he shall not be examined. To admit the witness is to override the statute.

The judgment must be reversed and new trial granted, costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed and new trial granted before another referee, costs to abide event.